*Compiler of laws*

FILED
SUPERIOR COURT
OF GUAM

2012 MAR 25 PM 3: 54

CLERK OF COURT

BY

## IN THE SUPERIOR COURT OF GUAM

CARLO J. N. BRANCH, )
)
                    Plaintiff, )
)
        v. )
)
GUAM ELECTION COMMISSION, JOSEPH )
MESA, MARTHA RUTH, JOHN TAITANO, )
ALICE TAIJERON, JOHN TERLAJE, )
JOSHUA TENORIO, and ROBERT CRUZ, )
)
                    Defendants, )
)
)
EDWARD B. CALVO and RAY TENORIO, )
)
                    Real Parties in )
                    Interest. )
)
)
)

CIVIL CASE NO. CV0123-11

**DECISION AND ORDER
AND
ANSWER TO STATEMENT OF
OBJECTION**

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 12th day of March, 2013, on review of Plaintiff Carlo J. N. Branch's ("Plaintiff's") Statement of Objection pursuant to 7 GCA § 6107, regarding the Judge's qualification to rule on this matter. Attorney Gary Wayne Francis Gumataotao represented the Plaintiff. The Court now issues the following Decision and Order on the matters presented, and concurrently files its Answer to Plaintiff's Statement of Objection.

## I. DECISION & ORDER STRIKING PLAINTIFF'S STATEMENT OF OBJECTION

### A. Procedural Propriety Under 7 GCA § 6107

A challenged judge may strike a statement of objection without referring the matter to a disqualification judge if the statement fails to comply with the procedural requirements of 7 GCA § 6107. *People v. Johnny*, 2006 Guam 10 ¶ 10. These requirements include service, verification, and timeliness. *Id.* at ¶ 15.

7 GCA § 6107 requires that a copy of the Statement of Objection "forthwith be served by the presenting party on…the Justice or Judge alleged in such statement to be disqualified." Personal service of a Statement of Objection upon a Superior Court Judge in Guam is neither difficult nor costly to effect. Yet, in spite of having been dated March 8, 2013 by Plaintiff's attorney and having been stamped by the Clerk of Court on March 12, 2013, Plaintiff's Statement of Objection has not been served upon Judge Barcinas as of March 22, 2013. The Court concludes that Plaintiff's Statement of Objection failed to comply with the requirement of 7 GCA § 6107 that it be personally served upon the Judge "forthwith."

On this basis alone, Plaintiff's Statement of Objection could be stricken.

### B. Legal Sufficiency Under 7 GCA § 6105

In addition to being empowered to review the procedural propriety of the Statement of Objection, the challenged judge may also review the legal sufficiency of the statement to determine whether the statement, "on its face, alleges any of the grounds for disqualification found in Title 7 GCA § 6105." *People v. Johnny*, 2006 Guam 10 at ¶ 20. "If…the petition is legally insufficient or formally defective, the judge can properly strike or disregard the statement of objection without referring it to another judge." *Van Dox v. Superior Court*, 2008 Guam 7 ¶ 25. 7 GCA § 6105(a) provides, in relevant part, that "[a]ny judge shall disqualify

himself or herself in any proceeding in which his or her impartiality might reasonably be questioned[.]" 7 GCA § 6105(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party[.]"

The question for this Court at this juncture, as defined by *Van Dox*, 2008 Guam 7 ¶ 32, is whether the factual allegations in the Plaintiff's Statement of Objection would cause a reasonable person who knows all the facts and understands the context of the issue to question Judge Barcinas's impartiality or believe that Judge Barcinas has a personal bias or prejudice concerning a party.

Plaintiff's Statement of Objection contains but one substantive factual allegation – that Judge Barcinas's former law clerk, Jessica L. Toft, Esq., is currently employed by Cabot Mantanona LLP, counsel for the Defendants in this matter. The remainder of Plaintiff's Statement of Objection consists of guesswork, speculation, and conjecture as to whether Attorney Toft's work on this matter as a law clerk and subsequent employment by Defendants' counsel somehow implicates Judge Barcinas's ability to administer justice impartially in this matter, or confers upon the Defendants some manner of unfair advantage.

The Court concludes that the mere fact that Attorney Toft joined Cabot Mantanona LLP, stripped of Plaintiff's legally irrelevant inferences and unsupported conclusions, would not cause a reasonable person with an appropriate understanding of the objectively determinable facts and circumstances to question Judge Barcinas's impartiality in this matter, or to believe that Judge Barcinas has a personal bias or prejudice concerning a party in this case. Thus, Plaintiff's Statement of Objection fails on its face to assert grounds for disqualification, and is legally insufficient.

On this basis alone, too, Plaintiff's Statement of Objection could be stricken.

## C. Conclusion

The Court finds that Plaintiff's Statement of Objection is both procedurally defective for not having been served forthwith upon the Court and legally insufficient for failing to allege facts that would form the grounds for disqualification. Accordingly, Plaintiff's Statement of Objection is hereby stricken.

**IT IS SO ORDERED** this 25th day of March, 2013.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

## II. VERIFIED ANSWER TO PLAINTIFF'S STATEMENT OF OBJECTION

### A. Procedural Posture

Though the Court intends to dispose of this issue with its Decision & Order above, the Court must ensure that it complies with the requirements of 7 GCA § 6107 in the event that Supreme Court of Guam reverses the Decision & Order on appeal. Because Judge Barcinas was not personally served before the Statement of Objection was stricken, the Court anticipates no issue regarding compliance with the ten-day filing deadline of 7 GCA § 6107. *See Van Dox*, 2008 Guam 7 ¶ 24, n. 8. However, out of an abundance of caution, and in the spirit of judicial transparency, the Court presently files this Answer to Plaintiff's Statement of Objection. The Court notes specifically that the effective filing of this answer is not suspended or conditioned upon the outcome of any proceedings on appeal. The Court also notes that, with Plaintiff's Statement of Objection having been stricken, this filing will not result in this matter being assigned to a disqualification judge for disqualification proceedings. The Court's filing of this Answer should not be construed as any manner of waiver or admission with respect to the status of Plaintiff's Statement of Objection, which is stricken.

### B. Response to Plaintiff's Allegation

The Court admits Plaintiff's allegation that its former law clerk, Jessica L. Toft, Esq., is now employed by Cabot Mantanona LLP.

The Court denies that this fact is grounds for disqualification.

### C. Additional Material Facts

The Court sets forth the following additional facts material to the question of Judge Barcinas's disqualification:

1. Attorney Toft was employed as a law clerk to Judge Barcinas until January 21, 2013. *See* Declaration of Jessica L. Toft, Esq., filed herewith.

2. Attorney Toft is currently employed by Cabot Mantanona LLP as an attorney, and has been so employed since January 22, 2013. *See id.*

3. Attorney Toft's participation in the Court's evaluation of Civil Case No. CV0123-11 concluded on November 16, 2012. She performed no work on this case after November 16, 2012. *See id.*

4. Sometime in late November of 2012, after the conclusion of her participation in the Court's evaluation of this case, Attorney Toft initiated contact with Cabot Mantanona LLP by submitting her resume to the firm. No negotiations for employment occurred at that time or at any time during the month of November 2012. *See id.*

5. Immediately upon submitting her resume to Cabot Mantanona LLP, Attorney Toft disclosed the fact and nature of her contact with Cabot Mantanona LLP to Judge Barcinas. *See id.*

6. On or about December 10, 2012, while Attorney Toft was on leave from her employment as a law clerk, Cabot Mantanona LLP contacted her to negotiate employment. Judge Barcinas was immediately notified of these negotiations. *See id.*

7. At no point during Attorney Toft's participation in the Court's evaluation of this case was she engaged in employment negotiations with Cabot Mantanona LLP; at no point during or after her employment negotiations with Cabot Mantanona LLP did she participate in the Court's evaluation of this case, or perform any

work on this case; and at no point after she was offered and accepted employment by Cabot Mantanona LLP did she participate in the Court's evaluation of this case or perform any work on this case. *See id.*

8.   At no point during Attorney Toft's employment negotiations with Cabot Mantanona LLP did she disclose any fact or render any opinion regarding this case to any individual representing the Defendants in this case. *See id.*

9.   During her employment with Cabot Mantanona LLP, Attorney Toft has been screened from any participation in this case, and she has had absolutely no involvement whatsoever in this case. *See id.*

10.   No aspect of Attorney Toft's relationship with Cabot Mantanona LLP had any effect whatsoever at any time on Judge Barcinas's impartiality in this case.

11.   Judge Barcinas harbors no personal bias or prejudice against any party in this case.

## D. Analysis

Plaintiff cites no authority for the proposition that recusal would be appropriate on the single fact alleged in his Statement of Objection. The Guam Supreme Court has not ruled on the question of whether the acceptance of an offer of employment by a judge's former law clerk from a law firm representing a party in a matter before that judge is a circumstance in which the judge's impartiality might reasonably be questioned such that the judge's recusal from that matter would be proper. However, authorities from other jurisdictions are arrayed overwhelmingly against Plaintiff. *See, e.g., Hunt v. American Bank & Trust Co. of Baton Rouge*, 783 F. 2d 1011, 1016 (11th Cir. 1986) ("If a clerk has a possible conflict of interest it is the clerk, not the judge, who must be disqualified. We do not believe that a law clerk's

acceptance of future employment with a law firm would cause a reasonable person to doubt the judge's impartiality so long as the clerk refrains from participating in cases involving the firm in question."); *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 714 (9th Cir. 1990) (following and quoting *Hunt*, 783 F.2d at 1016).

There are cases from other jurisdictions in which disqualification was found to be appropriate in circumstances that shared some superficial similarities with those in this case, but they are distinguishable. *See, e.g., Hall v. Small Business Administration*, 685 F.2d 175, 179 (5th Cir. 1983) (disqualification appropriate where law clerk continued to participate in cases involving the law clerk's future employers); *In re Kensington International Limited*, 368 F.3d 289, 297 (3d Cir. 2004) (disqualification appropriate where court-appointed consultants advising judge on asbestos litigation were attorneys actively representing clients in related asbestos claims).

At all relevant times, Attorney Toft conducted herself with the utmost professionalism and regard for the decorum of the Court. She ensured that her participation in this case as a law clerk to Judge Barcinas would not coincide with her employment negotiations with Cabot Mantanona LLP. She gave herself no occasion to allow her employment negotiations with Cabot Mantanona LLP to affect this Court's evaluation of this case in any way. Her actions reflect her fastidious respect for the ethics of our learned profession. Plaintiff's assertion that they could somehow constitute grounds for Judge Barcinas's disqualification is profoundly misguided.

The Court remains confident in its ability to administer justice fairly and impartially in this case.

### E. Conclusion

For the foregoing reasons, the Court respectfully requests that Plaintiff's Statement of Objection and request for disqualification be rejected, that disqualification be denied, and that this case be remanded to the Court for further proceedings.

Respectfully submitted this 25th day of March, 2013.



HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

### DECLARATION OF VERIFICATION

Pursuant to *Van Dox*, 2008 Guam 7, ¶¶12 and 24, holding that an order striking an objection to competency may not alternatively be considered as an answer unless verified in the manner specified by 6 GCA § 4308, the Honorable Arthur R. Barcinas hereby declares, under penalty of perjury, with respect to any and all allegations of fact or statements of fact, that the foregoing is true and correct. No verification is made concerning any conclusions of law.

**SO DECLARED**, this 25th day of March, 2013.



HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

MAR 2 5 2013

Cynthia T. Tiong
Deputy Clerk, Superior Court of Guam

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CARLO J. N. BRANCH,<br><br>Plaintiff,<br><br>v.<br><br>GUAM ELECTION COMMISSION, JOSEPH MESA, MARTHA RUTH, JOHN TAITANO, ALICE TAIJERON, JOHN TERLAJE, JOSHUA TENORIO, and ROBERT CRUZ,<br><br>Defendants,<br><br>EDWARD B. CALVO and RAY TENORIO,<br><br>Real Parties in Interest. | CIVIL CASE NO. CV0123-11<br><br><br><br>**DECLARATION OF JESSICA L. TOFT, ESQ.** |

I, Jessica L. Toft, hereby declare the following:

1. I am over the age of eighteen and of sound mind, and I declare these facts of my own free will.

2. I have personal knowledge of the facts declared herein.

3. Until January 21, 2013, I was employed by the Guam Judiciary as a law clerk to the Honorable Arthur R. Barcinas.

4. I am currently employed by Cabot Mantanona LLP as an attorney, and have been so employed since January 22, 2013.

5. My participation in the Court's evaluation of Civil Case No. CV0123-11 concluded on November 16, 2012. I performed no work on this case after November 16, 2012.

6. Sometime in late November of 2012, I believe after the Thanksgiving holiday, I initiated contact with the firm of Cabot Mantanona LLP, by submitting my resume to the firm. No negotiations for employment occurred at this time, or at any time during the month of November, 2012.

7. Immediately upon submitting my resume to Cabot Mantanona LLP, I disclosed this fact and the nature of my contact with Cabot Mantanona LLP to Judge Barcinas.

8. On or about December 10, 2012, while I was on leave from the Superior Court of Guam, Cabot Mantanona LLP contacted me to negotiate employment. Judge Barcinas was also immediately notified of these negotiations.

9. At no point during my participation in the Court's evaluation of this case was I engaged in employment negotiations with Cabot Mantanona LLP; at no point during or after my employment negotiations with Cabot Mantanona LLP did I participate in the Court's evaluation of this case, or perform any work in the matter; and at no point after I was offered and accepted employment by Cabot Mantanona LLP did I participate in the case or perform any work in this case.

10. At no point during my employment negotiations with Cabot Mantanona LLP did I disclose any fact or render any opinion regarding this case to any individual participating in the legal representation of this case.

11. During my employment with Cabot Mantanona LLP, I have been screened from any participation in this case, and I have had absolutely no involvement whatsoever in this case.

I declare under penalty of perjury under the laws of the United States and the Territory of Guam that the foregoing facts are true and correct.

Executed this 21st day of March, 2013.

_____
JESSICA L. TOFT